UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN SWAIN, et al., <br><br> Plaintiff, <br><br> v. <br><br> ESSEX MORTGAGE (D/B/A DATA INC), <br><br> Defendant. | Case No. 3:25-cv-05889 <br><br> ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERING PLAINTIFFS TO CORRECT FILING DEFICIENCIES |

### I.    ORDER

Before the Court is a motion for temporary restraining order (TRO) filed by pro se Plaintiffs Christian and Kia Swain. Dkt. 1. Plaintiffs seek to enjoin Defendants from credit reporting and collection on Plaintiffs' mortgage loans. *Id*. at 1.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

1    A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) a likelihood of irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). But "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

Plaintiffs have not followed the procedures for opening a case in this Court. *See* Dkt. 6. Critically, Plaintiffs have not filed a complaint, which is necessary for the Court to evaluate whether it has jurisdiction to hear the case, Plaintiffs' likelihood of success on the merits, and the risk of irreparable harm to Plaintiffs.

Nor have Plaintiffs provided a certificate of service or otherwise shown notice to Defendant. Under Federal Rule of Civil Procedure 65(b), "a temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." *Klemmer v. Washington State Dep't of Health*, No. C08-5135RJB, 2008 WL 11508839, at *1 (W.D. Wash. Mar. 20, 2008). "To obtain this relief, the applicant must first inform the court of attempts made to give notice to the opposing party and reasons why notice should not be required." *Id.* And Local Civil Rule 65(b)(1) adds that "[m]otions for [TROs] without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). Plaintiffs have not met the standard for a TRO without notice under Fed. R. Civ. P. 65(b)(1) or complied with LCR 65(b)(1).

Plaintiffs' motion for a temporary restraining order (Dkt. 1) is thus DENIED. No further action will be taken on this case unless and until Plaintiffs correct the deficiencies identified in the clerk's letter dated October 1, 2025. Dkt. 6. If Plaintiffs fail to correct these deficiencies by the October 31, 2025 deadline set in the letter, the Court will dismiss this matter without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of October, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERING PLAINTIFFS TO CORRECT FILING DEFICIENCIES - 3