UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN SWAIN, et al., | Case No. 3:25-cv-05889-TMC |
| Plaintiffs, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| ESSEX MORTGAGE (D/B/A DATA INC), | |
| Defendant. | |

## I.   ORDER

Before the Court is the second motion for a temporary restraining order (TRO) filed by Plaintiffs Christian and Kia Swain. Dkt. 19. Plaintiffs seek to enjoin Defendant from credit reporting and collecting on Plaintiffs' loans. *Id*. at 3.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) a likelihood of irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*,

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). But "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

Plaintiffs have not established a likelihood of irreparable harm or success on the merits here. For example, Plaintiffs offer no explanation for why monetary damages would not suffice to remedy any "reputational and financial injury." Dkt. 19 at 2. Plaintiffs instead argue, in conclusory fashion, that "loss of credit access and federal Parent PLUS loan eligibility are quintessential examples of irreparable harm." *Id*.

Defendant also raises several weaknesses in each of Plaintiffs' claims that diminish the likelihood of success on the merits. Dkt. 21 at 4–10. For example, (1) Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim is weakened by the fact that Plaintiffs did not send their Qualified Written Requests ("QWRs") to Defendant's designated address for such correspondence, *id*. at 4; (2) Plaintiffs' Fair Credit Reporting Act ("FCRA") claim does not allege that the reporting on the loan account status was inaccurate, *id*. at 8; and (3) Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim does not allege that Defendant began servicing the loans while they were in default. *Id*. at 9.

Because Plaintiffs have not shown they are entitled to the "extraordinary remedy" of a TRO, *Winter*, 555 U.S. at 24, the Court DENIES the motion. Dkt. 19.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

//

//

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Dated this 30th day of October, 2025.

Tiffany M. Cartwright
United States District Judge