UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN SWAIN, et al.,

                    Plaintiffs,

      v.

ESSEX MORTGAGE (D/B/A DATA INC),

                 Defendant.

Case No. 3:25-cv-05889-TMC

ORDER GRANTING MOTION TO
DISMISS

       Plaintiffs Christian and Kia Swain allege that Defendant Essex Mortgage ("Essex") has been unlawfully collecting payments and furnishing credit information on two mortgages for Plaintiffs' home in Vancouver, Washington. Dkt. 41 ¶¶ 5–14. On January 26, 2026, the Court dismissed Plaintiffs' original complaint without prejudice for failure to state a claim for relief. Dkt. 40. Finding "a possibility that Plaintiffs may cure their complaint by adding more factual allegations," the Court granted Plaintiffs three weeks to amend their claims. *Id*. at 12–13. Plaintiffs timely filed an amended complaint, Dkt. 41, but they fail to cure the deficiencies identified in the Court's dismissal—and in some cases, they create new problems that preclude relief.

ORDER GRANTING MOTION TO DISMISS - 1

Before the Court is Essex's motion to dismiss the amended complaint. Dkt. 42. For the reasons set forth below, the Court GRANTS the motion. Plaintiffs' claims are DISMISSED WITH PREJUDICE and without leave to amend.

## I.    BACKGROUND

Plaintiffs brought this case on October 8, 2025. Dkt. 10. In dismissing the previous version of the complaint, the Court summarized Plaintiffs' allegations as follows:

> This case concerns two mortgages on Plaintiffs' home in Vancouver, Washington. Dkt. 10 ¶ 6. Plaintiffs allege that Essex has been unlawfully collecting payments and furnishing credit information on both loans, even though non-party CMG Mortgage, Inc. ("CMG") is listed as the beneficiary of record on both deeds of trust and "[n]o assignment of either deed of trust has ever been recorded." *Id*. ¶¶ 6–9. Plaintiffs allege that CMG has admitted any transfer was handled only within the Mortgage Electronic Registration System ("MERS")[1] and is not recorded in the public records of Clark County, where their home sits. *Id*. ¶ 12.
>
> Plaintiffs claim that Essex is improperly "act[ing] as a debt collector without legal interest or servicing rights, using false and misleading representations to collect payments" in violation of the Fair Debt Collection Practices Act ("FDCPA"). *Id*. ¶¶ 19–20 (citing 15 U.S.C. §§ 1692e, 1692f). Plaintiffs also allege that Essex reported Plaintiffs' credit inaccurately and without standing to do so, violating the Fair Credit Reporting Act ("FCRA"). *Id*. ¶¶ 17–18 (citing 15 U.S.C. § 1681s-2). Lastly, Plaintiffs bring claims under the Real Estate Settlement Procedures Act ("RESPA") for Essex's failure "to timely acknowledge and fully respond" to Plaintiffs' qualified written requests ("QWRs") on this issue. *Id*. ¶¶ 15–16 (citing 12 U.S.C. § 2605; 12 C.F.R. § 1024.36).

Dkt. 40 at 1–2.

The Court found that (1) Plaintiffs' RESPA claim failed because their communications to Essex did not constitute QWRs requiring a response and did not seek information related to the servicing of their loans; (2) Plaintiffs' FCRA claim failed because they could not identify any incorrect credit information that Essex furnished; (3) Plaintiffs' FDCPA claim failed because

---

[1] MERS is an electronic registry "for tracking ownership of mortgage-related debt" which "allows its users to avoid the cost and inconvenience of the traditional public recording system." *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 88, 94–95, 285 P.3d 34 (2012).

Essex was not a debt collector and, even if it were, Plaintiffs did not show that Essex was required to furnish a servicing agreement or written assignment effectuating transfer. *Id*. at 6–12. However, the Court found that Plaintiffs might "cure their complaint by adding more factual allegations," and thus granted them leave to amend the complaint. *Id*. at 12–13.

Plaintiffs amended their complaint on February 4, 2026 to allege that, although Essex obtained an Assignment of Trust from CMG in December 2025, that assignment is invalid. Dkt. 41. Plaintiffs claim that "[t]he December 2025 recording did not convey a valid security interest and created, at most, the appearance of authority without curing the previously broken chain of title." *Id*. ¶ 9. Essex moved to dismiss the amended complaint on February 6, 2026. Dkt. 42. Plaintiffs responded on February 28, and Essex replied on March 3. Dkts. 44, 45.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

ORDER GRANTING MOTION TO DISMISS - 3

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, the Court must construe a pro se plaintiff's pleadings liberally and "afford the petitioner the benefit of any doubt." *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). But even when considering a pro se litigant's pleadings, the Court does not assume the truth of legal conclusions presented as facts, and mere conclusory statements are not enough to support a claim. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

### III.   DISCUSSION

**A.   Plaintiffs have not shown that Essex can be held liable based on the invalidity or lack of an assignment.**

Plaintiffs' amended complaint does not state a claim upon which relief can be granted and must be dismissed.

The amended complaint does not include any claims for relief. In other words, Plaintiffs do not identify any law which they believe Essex broke or which would otherwise entitle

ORDER GRANTING MOTION TO DISMISS - 4

Plaintiffs to relief. Although the previous complaint contained RESPA, FCRA, and FDCPA claims, Plaintiffs have removed these. *Compare* Dkt. 10 ¶¶ 15–20 *with* Dkt. 41 ¶¶ 16–21.[2] The only remaining claims are Count I for "declaratory relief" and Count II for "injunctive relief." *Id.* As discussed in this Court's earlier dismissal, "[a] request for such relief does not constitute an independent claim." Dkt. 40 at 12 n.7 (citing *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) ("The Declaratory Judgment Act creates only a remedy, not a cause of action.")). And any amended complaint "must be complete in itself . . . because it replaces the previously filed complaint." *Smith v. Vencil*, No. 23-CV-05530-RFL, 2023 WL 9317823, at *3 (N.D. Cal. Dec. 1, 2023) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended (*May 22, 1992)). Construed liberally, the amended complaint does not identify any law or doctrine that would entitle Plaintiffs to declaratory or injunctive relief based on Essex's conduct.

In December 2025, between the first and second versions of the complaint, CMG recorded an Assignment of Deed of Trust on Plaintiffs' property, transferring title from CMG to Essex. Dkt. 43 at 4–5.[3] Plaintiffs suggest that the Assignment is invalid because it violated Washington's Deed of Trust Act (RCW 61.16.020). Dkt. 41 ¶ 8. Plaintiffs claim that the Assignment "purport[ed] to convey beneficiary status [that CMG] had previously disavowed, rendering the assignment facially void and without lawful effect." *Id.* ¶ 9.

---

[2] Even if this Court were to read the RESPA, FCRA, and FDCPA claims back into the amended complaint, they would fail because Plaintiff has not cured any of the issues that the Court identified in its original dismissal. Dkt. 40 at 6–12. For example, Plaintiffs still do not identify any false credit information furnished by Essex that would provide grounds for relief under the FCRA or show how Essex could be liable under the FDCPA when it is not a debt collector.

[3] Although Essex requested judicial notice of this document, the Court finds the Assignment is incorporated by reference in the complaint because it forms the basis for Plaintiff's only potential claim and its authenticity is not in dispute. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

ORDER GRANTING MOTION TO DISMISS - 5

To support their argument, Plaintiffs cite a separate lawsuit between themselves and CMG that this Court remanded to state court on September 2, 2025. *Id*. (citing *Swain v. CMG Mortgage Inc.*, No. 25-CV-05578-TMC, Dkt. 22). There, Plaintiffs' claims ran parallel to their original claims in this case—they alleged that CMG transferred the loan to Essex without properly recording the transfer, violating Washington law. *Swain*, No. 25-CV-05578-TMC, Dkt. 22 at 9. The Court granted Plaintiffs' motion to remand after concluding that their claims did not establish the requisite amount in controversy. *See id.* In that order—which was based solely on Plaintiffs' allegations, and did not adjudicate any of the underlying claims—the Court noted that Plaintiffs did not argue CMG had any claim or title to the property and they acknowledged CMG sold the lien in 2022, meaning that they did not allege a true quiet title action and the amount in controversy would not be based on the value of the property. *Id*. Citing the Court's remand order, Plaintiffs now argue that the December 2025 Assignment is invalid because CMG sold the lien in 2022 and had no right to assign any interest in the subject loans. Dkt. 41 ¶¶ 7–9 (citing *Bain*, 175 Wn.2d at 89).

To the extent Plaintiffs allege new claims based on the validity of the Assignment, they fail for similar reasons as their old ones—Plaintiffs have not shown that the existence or lack of a recorded assignment has any bearing on Essex's liability under any law. In its previous dismissal, the Court noted that Plaintiffs failed to "explain how the FDCPA would require Essex to furnish a servicing agreement or a written assignment effectuating transfer." Dkt. 40 at 12. Similarly, Plaintiffs now fail to show that Essex's collection activities—either before or after assignment—were unlawful. The Court agrees with Essex that *Bain* does not require a recorded assignment for a beneficiary to collect. Dkt. 42 at 6; *see Bain*, 175 Wn.2d at 104 ("The plaintiffs argue that . . . a beneficiary must either actually *possess the promissory note* or be the payee. We

ORDER GRANTING MOTION TO DISMISS - 6

agree.") (emphasis added). Because Plaintiffs have not pleaded a valid claim for relief, their complaint must be DISMISSED.

**B.      Plaintiffs' claims are dismissed with prejudice.**

The Court further finds that dismissal with prejudice is appropriate. "Unless it is absolutely clear that no amendment can cure the defect[s]" of a complaint, a self-represented litigant is entitled to notice of problems with the complaint that would result in the case being dismissed, and an opportunity to amend before dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court is not required to grant an opportunity to amend the complaint "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citation omitted).

Plaintiffs' amended complaint suffers the same defects as their original. For the second time, Plaintiffs have failed to show that Essex should be held liable for its collection activities because no assignment (or a deficient one) exists. The Court finds that granting further leave to amend would be futile and that all claims should be dismissed with prejudice. *See Cadet v. Overlake Hosp. Med. Ctr.*, No. 2:24-CV-01452-LK, 2025 WL 3029611, at *6 (W.D. Wash. Oct. 30, 2025) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quoting *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008)).

### IV.      CONCLUSION

The Court GRANTS Essex's motion to dismiss. Dkt. 42. Plaintiffs' claims are DISMISSED WITH PREJUDICE and without leave to amend.

ORDER GRANTING MOTION TO DISMISS - 7

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of June, 2026.

Tiffany M. Cartwright
United States District Judge